FILED
SUPERIOR COURT
OF GUAM

2018 MAR 19 PM 3: 34

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BERNARD BRARAY, | DOMESTIC CASE NO.: DM0212-17 |
| PLAINTIFF, | |
| vs. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** (Complaint for Divorce) |
| TIFFANY ANN BRARAY, | |
| DEFENDANT. | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola for a Bench Trial on December 5, and December 20, 2017. Bernard Braray ("Plaintiff") was represented by Attorney Daron J. Berman. Tiffany Ann Braray ("Defendant") appeared *pro se*. After review of the evidence and testimony presented in this matter, the Court issues the instant Findings of Fact and Conclusions of Law. For the reasons set out herein, the Court finds dissolution of the Parties' marriage based on irreconcilable differences is appropriate. The Plaintiff's cause of action for Divorce in the Complaint for Divorce filed on April 12, 2017 is hereby **GRANTED**. The Plaintiff is hereby **ORDERED** to file an Interlocutory Decree of Divorce pursuant to 19 GCA § 8321 no later than March 30, 2018. The Plaintiff is further **ORDERED** to file a Final Decree of Divorce no sooner than six (6) months from the date the Court enters the Interlocutory Decree of Divorce.

## FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

1. The Parties were married on January 23, 2015.

2. The Parties separated and have remained separated since sometime in December of 2016.

3. No children were born to the marriage.

4. There is community property.

5. There is no community debt.

6. At trial, the Plaintiff's testified to the following:

   a. The Plaintiff no longer loves the Defendant. Test. of Pl., Bench Trial Proceedings 11:45:00 a.m. to 11:50:16 a.m. (Dec. 05, 2017).

   b. The Plaintiff does not, and does not wish to, live with the Defendant. Id.

   c. The Plaintiff does not want to procreate with the Defendant. Id.

   d. The Plaintiff is in love with another woman. Id.

   e. The Plaintiff believes there is no possibility of the parties reconciling. Id.

   f. The Plaintiff no longer wants to be a party to the marriage. Id.

## CONCLUSIONS OF LAW

The Plaintiff asks this Court to grant a divorce on the grounds of irreconcilable differences. Compl. V. (Apr. 12, 2015). The Defendant contests the divorce and asks the Court for time to reconcile. Answer ¶ 6 (May 2, 2017). Therefore this Court is confronted with the issue of whether there are irreconcilable differences sufficient to grant a divorce and dissolve the Parties' marriage.

Under Guam Law, a "[d]issolution of marriage may be granted for . . . [i]rreconcilable differences." 19 GCA § 8203. Guam law further provides that irreconcilable differences are "those differences which are determined by the Court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved." 19 GCA §8219. The ground of irreconcilable differences was added as a ground for divorce by Guam Public Law 24-134 (1998), and the Guam statute uses language similar to California's statutory definition of irreconcilable differences. Compare 19 GCA § 8219, with Cal. Fam. Code § 2311 (West) (2018)

("Irreconcilable differences are those grounds which are determined by the court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved."). Thus this Court looks to California cases interpreting and applying the irreconcilable differences statute as persuasive authority. See Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction").

Courts have held that "dissolution of marriage based on [irreconcilable differences] requires proof of substantial marital problems which have so impaired the marriage relationship that the legitimate objects of matrimony have been destroyed and as to which there is no reasonable possibility of elimination, correction, or resolution." In re Marriage of Garcia, 221 Cal. Rptr. 3d 319, 329 (Cal. App. 4th 2017) (citing In re Marriage of Walton, 104 Cal. Rptr. 472, 481 (Cal. App. 4th 1972)). In applying this standard, Courts "must depend to a considerable extent on the subjective minds of the parties." In re Marriage of Walton, 104 Cal. Rptr. at 479.

Irreconcilable differences exist where a party demonstrates a subjective desire to end the marriage. See In re Marriage of Greenway, 158 Cal. Rptr. 364, 383-84 (Cal. App. 4th 2013). In Greenway the husband included irreconcilable differences in his petition for dissolution of his marriage. Id. At trial the husband testified he no longer wanted to live with his wife, wanted to participate in his legal separation case to stop his wife from interfering with his medical care, and that he and his wife's relationship had been bad for the last thirty years. Id. Analyzing whether the irreconcilable differences standard was met, the Court found sufficient evidence to grant a dissolution of marriage. Id. The Court reasoned that "a marriage can break down without direct evidence of an affair or identifiable major disagreement between the parties." Id. Citing Walton, the Court found that since the Court was commanded to look at the subjective state of mind of the Parties, neither a determination of fault, nor "direct proof of objective reasons supporting why one party subjectively believes the marriage is past saving [is required]." Id.

Here the Court concludes the Plaintiff has provided sufficient evidence to show his subjective desire to end the marriage. First, the Plaintiff testified that he no longer wishes to be married to the Defendant. The Defendant further testified that he does not live and does not wish to live with the Defendant. The Defendant also testified that he does not wish to procreate with the Defendant specifically, and that he is in love with another woman. Finally, the Defendant testified that there is no chance of reconciliation. Thus, the Plaintiff has shown a subjective desire to discontinue the marital relationship with the Defendant. Therefore the Court finds dissolution of the Parties' marriage under these circumstances is appropriate.

### CONCLUSION & ORDER

Thus by a preponderance of evidence and for the forgoing reasons, the Court finds DISSOLUTION of the Parties' marriage is appropriate. Therefore the Court **ORDERS** the following:

1. The Plaintiff's cause of action for Divorce in the Complaint for Divorce, filed on April 12, 2017, is hereby **GRANTED**.

2. The Plaintiff is hereby **ORDERED** to file an Interlocutory Decree of Divorce pursuant to 19 GCA § 8321 no later than March 30, 2018.

3. The Plaintiff is further **ORDERED** to file a Final Decree of Divorce no sooner than six (6) months from the date the Court enters the Interlocutory Decree of Divorce.

SO ORDERED ___3/19/18___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam